UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

----------------------------------------------------
IN RE:                                              )
                                                    )
JOHN EDWARD CONWAY and                              )    Case No. 05-22687 (ASD)
KATHLEEN PATRICIA McGURKIN,                         )
                                                    )
        DEBTORS                                     )    CHAPTER 7
---------------------------------------------------
                                                    )
Estate of THOMAS SUMMERLIN,                         )    Adv. Pro. No. 06-02004
                                                    )
        PLAINTIFF                                   )
v.                                                  )
                                                    )
JOHN EDWARD CONWAY and                              )
KATHLEEN PATRICIA McGURKIN,                         )    Re: Doc. I.D. No.  72
                                                    )
        DEFENDANTS                                  )
----------------------------------------------------
_____

<u>APPEARANCES</u>:

Stuart H. Caplan, Esq.                                       Attorney for Plaintiff
Law Offices of Neil Crane, LLC
2700 Whitney Avenue
Hamden, Connecticut 06518

John Edward Conway                                           Pro Se Defendant
487 Hopmeadow Street
Simsbury, Connecticut 06070

_____
_____

**MEMORANDUM OF DECISION AND ORDER
ON MOTION FOR SUMMARY JUDGMENT**

ALBERT S. DABROWSKI, Chief United States Bankruptcy Judge

## I. INTRODUCTION

In this adversary proceeding the Plaintiff, the Estate of Thomas Summerlin (hereafter, the "Plaintiff") seeks to have declared non-dischargeable a debt owed to it by the Debtor-Defendant John E. Conway (hereafter, "Conway") and the Debtor-Defendant Kathleen McGurkin (hereafter, "McGurkin") (hereafter, collectively, the "Defendants") pursuant to Bankruptcy Code Sections 523(a)(2), (a)(4), (a)(6), and (a)(7). The Plaintiff alleges that the debt arose from, *inter alia*, Conway's fraud and larceny in misappropriating funds of the Plaintiff.[1] The Plaintiff has moved for summary judgment against Conway based upon the alleged preclusive effect of his prior criminal conviction for first degree larceny and second degree forgery in the Superior Court for the State of Connecticut. For the reasons which follow, the motion for summary judgment will be **DENIED**.

## II. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant proceeding by virtue of 28 U.S.C. § 1334(b); and this Court derives its authority to hear and determine this matter on reference from the District Court pursuant to 28 U.S.C. §§ 157(a), (b)(1). This is a "core proceeding" pursuant to 28 U.S.C. §§ 157(b)(2)(I).

## III. SUMMARY JUDGMENT STANDARDS

### A. Federal Rule of Civil Procedure 56

---

[1] At the heart of the Amended Complaint is a claim alleging that Conway, acting as an attorney for the Plaintiff, stole $253,823.25 from the Plaintiff, and that McGurkin, in a conspiracy with Conway, transferred, and fraudulently concealed assets from the Plaintiff.

Federal Rule of Civil Procedure 56(c), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7056, directs that summary judgment enter when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Novak v. Blonder (In re Blonder), 246 B.R. 147, 150 (Bankr. D.Conn. 2000) (internal citations omitted).

When ruling on motions for summary judgment "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The moving party has the burden of showing that there are no material facts in dispute and all reasonable inferences are to be drawn, and all ambiguities resolved, in favor of the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). See also (In re Blonder), 246 B.R. at 150. On a motion for summary judgment, even if the moving party's assertions are accepted as true, such as by failure of the non-movant to adequately respond, the moving party must still demonstrate a prima facie case that the party is entitled to judgment as a matter of law before the burden shifts to the non-movant to show genuine issues of material fact in dispute. See Vermont Teddy Bear Co. Inc. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004).

Local Rule 56(a) of the Local Civil Rules of the United States District Court for the District of Connecticut (hereafter, "Local Rule(s)") supplements Fed. R. Civ. P. 56(c) by

requiring statements of material fact from each party to a summary judgment motion.[2] The underlying purpose of Local Rule 56(a) is to assist the Court in determining whether there exist any genuinely disputed issues of material fact. A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. at 248.

> As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.

Id.

---

[2] Local Rule 56(a), entitled "Motions for Summary Judgment", applicable to this proceeding by D. Conn. LBR 1001-1(b), states in pertinent part as follows:

> 1. There shall be annexed to a motion for summary judgment a document entitled "Local Rule 56(a)1 Statement", which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)2.
>
> 2. The papers opposing a motion for summary judgment shall include a document entitled "Local Rule 56(a)2 Statement," which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied. The Local Rule 56(a)2 Statement must also include in a separate section entitled "Disputed Issues of Material Fact" a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.
>
> 3. Each statement of a material fact by a movant in a Local Rule 56(a)1 Statement or by an opponent in a Local Rule 56(a)2 Statement, and each denial in an opponent's Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a)1 and 2 Statements in conformity with Fed. R. Civ. P. 56(e). Counsel and pro se parties are hereby notified that failure to provide specific citations to evidence in the record as required by this Local Rule may result in sanctions, including, when the movant fails to comply, an order denying the motion for summary judgment, and, when the opponent fails to comply, an order granting the motion.

\* \* \* \*

## IV. BACKGROUND

### *A. Procedural Background*

On August 3, 2005, the Defendants commenced the instant bankruptcy case by the filing of a voluntary petition under Chapter 7 of the United States Bankruptcy Code. On January 11, 2006, the Plaintiff initiated the instant Adversary Proceeding by the filing of a complaint seeking a determination of nondischargeability of certain debts pursuant to Title 11, United States Code, §§ 523(a)(2), (a)(4) and (a)(6). On April 7, 2006, the Plaintiff filed an Amended Complaint adding, *inter alia*, Section 523(a)(7) as an additional statutory basis for a determination of nondischargeability.

On July 1, 2009, the Plaintiff filed a <u>Motion for Summary Judgment Against Defendant John Edward Conway</u>, Doc. I.D. No. 72 (hereafter, the "Motion"), accompanied by a <u>Plaintiff's Local Rule 56(a)1 Statement of Undisputed Material Facts</u> (hereafter, the "Local Rule 56(a)1Statement"), and supporting exhibits. As of the date of this Memorandum of Decision, Conway has not filed a response to the Plaintiff's Motion for Summary Judgment.[3]

### B. "Undisputed" Factual Background

Notwithstanding that Conway presently has until November 22, 2009, to respond to the Motion, the Court, for purposes of this Motion only, treats all the factual assertions

---

[3]On September 23, 2009, Conway filed a *Motion of Extension of Time to Object to the Motion for Summary Judgment Filed by the Estate of Thomas Summerlin* (hereafter, the "Motion for Extension of Time"), Doc I.D. No. 73, requesting an extension of time until November 22, 2009, to respond to the Motion. Following a hearing held October 15, 2009, the Motion for Extension of Time was granted. At that hearing the Court advised that notwithstanding the granting of the Motion for Extension of Time, a decision on the Summary Judgment Motion would be rendered before November 22, 2009.

of the Plaintiff in the Local Rule 56(a)1 Statement as undisputed.[4] The relevant facts are as follows. On January 15, 2003, the Estate of Thomas Summerlin filed a Complaint against the Debtor in the Superior Court for the State of Connecticut (hereafter, the "State Court Civil Action").[5] In the State Court Civil Action, the Plaintiff asserted fraud, misrepresentation, breach of fiduciary duty, and statutory theft, in connection with the misappropriation or conversion of $253,823.25 of settlement proceeds which Conway held for the Plaintiff in a fiduciary capacity as his attorney. On or about January 31, 2003, Conway transferred by quitclaim to his spouse, Kathleen McGurkin, his interest in property located at Six Dove Kie Drive, Nantucket, Massachusetts. On April 25, 2003, the Plaintiff filed an Amended Complaint in the State Court Civil Action adding McGurkin as a defendant and alleging that the quitclaim conveyance was transferred with the intent of avoiding the Plaintiff's claim or hindering its collection.

On July 9, 2003, the Debtor was arrested on charges of first degree larceny and

---

[4]In the Second Circuit,

> [t]he fact that there has been no response to a summary judgment motion does not . . . mean that the motion is to be granted automatically. *Such a motion may properly be granted only if the facts as to which there is no genuine dispute show that the moving party is entitled to a judgment as a matter of law.*

Champion v. Artuz, 76 F.3d 483, 486 (2d. Cir. 1996) (internal quotations omitted) (Emphasis added). Prior to the October 15, 2009 hearing on the Motion for Extension of Time, *see* fn. 3, and being mindful that the acceptance of a movant's assertions as true, by itself, is insufficient to warrant summary judgment, the Court had concluded that the Motion could not be granted for the reasons now stated herein. In addition, it appears that the resolution of this proceeding, pending since 2006, and delayed due to, *inter alia*, the incarceration of Conway, and the resignation of United States Bankruptcy Judge Robert L. Krechevsky, and reassignment of the case and proceeding to the undersigned, is overdue. Accordingly, noting that Conway is no longer incarcerated, and to effect a prompt resolution to this proceeding, this Memorandum of Decision issues prior to the filing of pleadings responsive to the Motion. In addition, entering simultaneously with this Memorandum of Decision is a Scheduling Order setting this matter for trial without further delay.

[5] Tabitha Summerlin/Cosgrove v. John E. Conway, et. al., Docket #CV 03-0822457S.

second degree forgery (hereafter, the "Criminal Case") related to the factual allegations made by the Plaintiff in the State Court Civil Action. The Debtor entered pleas of nolo contendere to both of these offenses in the Criminal Case,[6] and on February 6, 2006, the Superior Court entered a guilty verdict on each of these counts, incident to which Conway was sentenced to a term of imprisonment.

## V. DISCUSSION

Through the Motion, the Plaintiff relies upon an alleged preclusive effect of the Debtor's criminal conviction upon a plea of nolo contendere in the Superior Court in the hope of establishing critical material facts as undisputed in this Adversary Proceeding.

### A. *Preclusive Effect of Collateral Estoppel*

The United States Supreme Court has confirmed that collateral estoppel is available to litigants in Bankruptcy Code disputes, and specifically in the context of dischargeability proceedings under 11 U.S.C. § 523(a). Grogan v. Garner, 498 U.S. 279, 285 n.11 (1991). The party seeking to utilize the doctrine of collateral estoppel has the ultimate burden of proving the elements necessary for its application. See, e.g., In re Swirsky, 372 B.R. 551, 562 (Bankr. D.Conn. 2006).

Under the Full Faith and Credit Doctrine, as codified by 28 U.S.C. § 1738, unless an exception applies, a federal court is required to give a state court judgment the same preclusive effect as would a sister court of the judgment state. Allen v. McCurry, 449 U.S. 90, 96 (1980); Spencer v. Bogdanovich (In re Bogdanovich), 292 F.3d 104, 110 (2d

---

[6] Count One in the Criminal case alleged first degree larceny. Conn. Gen. Stat. § 53a-122. Count Two alleged second degree forgery. Conn. Gen. Stat. § 53a-139.

Cir.2002); In re Swirsky, 372 B.R. 551, 562 (Bankr. D. Conn. 2007) (*citing* Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). Thus, in the instant case this Court must look to Connecticut law to determine whether the Connecticut state courts would preclude the Defendant from contesting facts material to the Plaintiff's dischargeability claims.

Under Connecticut law, "[c]ollateral estoppel, or issue preclusion, prohibits the re-litigation of an issue when that issue was actually litigated and necessarily determined in a prior action." Carnemolla v. Walsh, 75 Conn.App. 319, 325, 815 A.2d 1251, 1256-7 (Conn. App. 2003), cert. denied, 263 Conn. 913, 821 A.2d 768 (2003) (internal quotation marks and citations omitted). The Connecticut Supreme Court has held that collateral estoppel gives preclusive effect to a prior judgment where an issue was (1) *"fully and fairly litigated"*, (2) *"actually decided"*, and (3) *"necessary to the judgment."* Virgo v. Lyons, 209 Conn. 497, 501, 551 A.2d 1243 (1988).

## B. Collateral Estoppel is Not Applicable to a Plea of Nolo Contendere.

"It is well established that a prior criminal conviction may work an estoppel . . . in a subsequent civil proceeding." Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 568, 71 S.Ct. 408, 414 (1951) (citations omitted).  However,

> [s]uch estoppel extends only to questions distinctly put in issue and
> directly determined in the criminal prosecution. . . . In the case of a criminal
> conviction based on a jury verdict of guilty, issues which were essential to the
> verdict must be regarded as having been determined by the judgment.

Id., 340 U.S. at 569. (citations and quotation marks omitted).

A plea of nolo contendere, however, is one in which a party does not explicitly

8

admit guilt, but still waives certain constitutional protections and consents to the court's judgment. See North Carolina v. Alford, 400 U.S. 25, 35, 91 S.Ct. 160, 166 (1970); Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709 (1969). "Throughout its history . . . the plea of nolo contendere has been viewed not as an express admission of guilt but as a consent by the defendant that he may be punished as if he were guilty and a prayer for leniency." North Carolina v. Alford, 400 U.S. at 35–36, n. 8.

"A nolo contendere plea has the same effect as a guilty plea, but a nolo contendere plea cannot be used against the defendant as an admission in a subsequent criminal or civil case." State v. Commins, 276 Conn. 503, 510, 886 A.2d 824 (2005). Implicit in this distinction is the underlying factual basis, or lack thereof, for each type of plea, notably that

> a court cannot accept a guilty plea "unless it is satisfied that there is a factual basis for the plea"; there is no similar requirement for pleas of nolo contendere, since it was thought desirable to permit defendants to plea nolo without making any inquiry into their actual guilt ….

North Carolina v. Alford, 400 U.S. at 35–36 n. 8 (1970). See also State v. Godek, 182 Conn. 353, 438 A.2d 114, 119–120 (1980), cert. denied 450 U.S. 1031, 101 S.Ct. 1741, 68 (1981) ("a factual basis is not required to be established to accept a nolo contendere plea").

A party who enters a plea of nolo contendere takes a calculated risk – on the one hand, he consents to the judgment of the court even in the absence of a requisite factual basis; on the other hand, he can "avoid the expense and delay of trial . . . avoid the notoriety and publicity of a trial, problems with lack of witnesses, limit the maximum penalty to which [he] would be exposed at trial, and *avoid estoppel in a subsequent civil proceeding*." People v. Darlington, 105 P.3d 230, 233 (Colo. 2005) (emphasis added).

Even assuming, *arguendo*, that a sufficient factual basis had existed for the nolo contendere plea, "the defendant is not estopped from denying the facts to which he pleaded nolo contendere in a subsequent judicial civil proceeding." State v. Bridgett, 3 Conn.Cir.Ct. 206, 208-209, 210 A.2d 182, 184 (Conn.Cir. 1965). See also Krowka v. Colt Patent Fire Arm Mfg. Co., 125 Conn. 705, 713, 8 A.2d 5 (1939).

In accordance with the above discussion, the Motion must be denied as the Debtor's criminal conviction in State Court, entered on the basis of a plea of nolo contendere, is not entitled to preclusive effect in the instant matter before this Court.

## V. CONCLUSION

While collateral estoppel is generally applicable in a subsequent civil proceeding to bar relitigation of issues decided in a prior criminal proceeding, collateral estoppel is not applicable where, as here, the prior judgment derived from a plea of nolo contendere. Accordingly, and since there remain genuine issues of material fact in this proceeding,

**IT IS HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment Against Defendant John Edward Conway, Doc. I.D. No. 72, is **DENIED**.

Dated: November 16, 2009                                                          BY THE COURT

Albert S. Dabrowski
Chief United States Bankruptcy Judge